JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN R. GOMEZ, an individual, doing business as GNS Electrical Services,<br><br>               Plaintiff,<br><br>       vs.<br><br>G.E. CONTRERAS, INC., a California Corporation, doing business as G.E. Contreras Electric Company, and DOES 1 through 10, Inclusive,<br><br>             Defendants. | CASE NO. CV 09-00168 MMM (FMOx)<br><br>ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION |

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On October 19, 2007, G.E. Contreras, Inc. ("G.E. Contreras") filed a complaint in Los Angeles Superior Court against Juan Gomez ("Gomez") and certain fictitious defendants.  G.E. Contreras is a California corporation that performs electrical contracting work.  Gomez, also a California citizen, is a former G.E. Contreras employee who now operates an independent electrical contracting business.  G.E. Contreras alleged four claims under California law: (1) misappropriation of trade secrets, (2) unfair competition, (3) intentional interference with prospective economic advantage, and (4) negligent interference with prospective economic advantage.

On August 15, 2008, Gomez filed a complaint against G.E. Contreras alleging claims for unfair competition and false advertising under California law.  Gomez bases his claims on allegations that G.E. Contreras employed unlicensed contractors.  On November 6, 2008, G.E. Contreras filed a cross-complaint, alleging that Gomez and his business did likewise.  The cases were consolidated in state court.

On December, 11, 2008, Gomez filed a demurrer to G.E. Contreras' cross-complaint. Simultaneously, Gomez filed a request for judicial notice regarding his possession of a valid contractor's license issued by the State of California.

On January 8, 2009, G.E. Contreras removed the case to federal court.  G.E. Contreras asserts that the license issue gives rise to federal question jurisdiction because Gomez must be a legal resident of the United States to have a valid California electrical contractor's license.[1]  On January 26, 2009, the court issued an order to show cause why it should not remand the action to state court for lack of federal question jurisdiction.

## II.  DISCUSSION

### A.    Legal Standard Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of

---

[1]Defendant's Notice of Removal ("Def.'s Removal"), ¶ 13-17.

removal in the first instance." *Id.* (citing *Libhard v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required"); see also 28 U.S.C. § 1441(b); 28 U.S.C. § 1331 (the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

Federal question jurisdiction is presumed to be absent unless defendants, as the parties seeking removal, show that plaintiffs have either alleged a federal claim (*American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)), a state cause of action that requires resolution of a substantial issue of federal law (*Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921)), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field (*Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

Since a defendant may remove a case under § 1441(b) only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). It is not enough for removal purposes that a federal question may arise in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; see also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960,

966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).

## B.   Whether the Court Has Subject Matter Jurisdiction

In its notice of removal, G.E. Contreras asserted that the court could properly exercise federal question jurisdiction over the case because Gomez's demurrer to G.E. Contreras' cross-complaint raised a federal issue. It identified the federal question as whether Gomez is a legal U.S. resident, which G.E. Contreras contends he must be in order to possess a valid California electrical contractor's license. In its order to show cause, the court stated its view that G.E. Contreras had failed to establish federal question jurisdiction because the purported federal question on which it based its removal was not present on the face of Gomez's complaint.[2]

In its response to the court's order, G.E. Contreras concedes that Gomez's complaint does

---

[2]Because this issue did not appear in Gomez's complaint, the court did not express an opinion as to whether it would satisfy the federal question requirement. The court similarly expresses no opinion on this point here.

1  not raise a federal question.[3]  It asserts, however, that the court may nonetheless exercise federal

2  question jurisdiction over the case because a federal issue has purportedly been raised in Gomez's

3  demurrer to G.E. Contreras' cross-complaint.   G.E. Contreras argues, without citation to

4  authority, that "[w]here the predicate for federal [question] jurisdiction is not the plaintiff's

5  complaint, but another pleading, motion, or voluntary act of the plaintiff, the hypothetical standard

6  cannot be a well-pleaded complaint.  Rather, it must be a well-pleaded model of the subsequent

7  pleading, motion, or act."[4]  With this assertion, G.E. Contreras invites the court to jettison the

8  well-pleaded complaint rule, which federal courts have applied to determine the existence of

9  federal question jurisdiction for more than a century, and adopt a new "well-pleaded subsequent

10  pleading" rule.  See, e.g., *Sutter Health v. UNITE HERE*, No. 2:05-CV-1081 MCEPAN, 2005

11  WL 1925910, *3 (E.D. Cal. Aug. 10, 2005) ("For nearly a century, the well-pleaded complaint

12  rule has governed removal actions.  The rule states that if a federal question is not presented on

13  the face of the plaintiff's complaint, then the action cannot be removed to federal court" (citations

14  omitted)).

15       The court declines this invitation.  Because Gomez's complaint raises only state law issues,

16  G.E. Contreras' removal based on federal question jurisdiction was improper.  See *Franchise Tax*

17  *Bd.*, 463 U.S. at 10 ("[U]nder the present statutory scheme as it has existed since 1887, a

18  defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that

19  the case 'arises under' federal law" (emphasis original)); see also *Rivet v. Regions Bank of*

20  *Louisiana*, 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded

21  statement of his or her claim").  Accordingly, the court must remand the case to state court.[5]

22

23       [3]Defendant's Response to Order to Show Cause, and Request for Enlargement of Time to

24  Respond ("Def.'s Response"), ¶ 12 ("As the court correctly observed the federal questions. . .
   are not contained in [Gomez's] complaint").

25

26       [4]*Id.*, ¶ 9.

27       [5]The court also denies G.E. Contreras' request for additional time to respond to the order
   to show cause.  G.E. Contreras' counsel contends that because of a lack of time and other

28  commitments, his legal research for G.E. Contreras' initial response was "barely adequate."  (*Id.*,

1

### III.  CONCLUSION

2       For the reasons stated, the court concludes that it lacks subject matter jurisdiction over this

3   action.  Accordingly, the action is remanded to Los Angeles Superior Court.

4

5

DATED:  February 12, 2009

6                                                   _____

                                                    MARGARET M. MORROW
7                                                   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

27   ¶ 16.)  Given his concession that no federal issues are raised in Gomez's complaint, and his
     assertion that the court should adopt a novel "federal issue raised by subsequent pleading" rule,
28   no amount of legal research will enable G.E. Contreras to establish federal question jurisdiction.